| | |
|---|---|
| REGAL PRE-PARED FOODS, INC.,<br>an Illinois corporation,<br><br>    Plaintiff,<br><br>v.<br><br>BEST BARGAINS, INC.<br>a Wisconsin corporation; DOUG HELNORE, an<br>individual; and STEVE WAGNER, an<br>individual,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION<br>)    CASE NO. 2:26-cv-602<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff REGAL PRE-PARED FOODS, INC., for its Complaint against Defendants BEST

BARGAINS, INC., DOUG HELNORE, and STEVE WAGNER (altogether, the "Defendants"),

states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this civil action as presenting a federal

question under 28 U.S.C. § 1331 because of Plaintiff's claims for relief pursuant to the Perishable

Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, and the implementing regulations of the

U.S. Department of Agriculture, 7 C.F.R. § 46.1 *et seq*. (the "PACA").

2. This Court also has subject matter jurisdiction of this civil action to the extent it is

an action by a PACA trust beneficiary to prevent and restrain dissipation of the PACA trust and to

enforce payment from the PACA trust.

3. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). This

is an action between citizens of different states, as alleged in Paragraphs 11, 14 and 15 below, and

the amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorneys' fees.

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all state law claims as they are so related to the federal PACA claims in this action that they form part of the same case or controversy.

5. This action is appropriately brought in this venue under 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this District and the Defendants reside in this District.

6. This Court has personal jurisdiction over all the Defendants because they are residents of this District, and they are subject of the general jurisdiction of the courts of this state.

7. This Court has in rem jurisdiction over property that is subject to this action – assets subject to the PACA Trust – because jurisdiction is authorized by PACA, 7 U.S.C. § 499e(c)(5), and the property is situated in this District.

## II. PARTIES

8. Plaintiff Regal Pre-Pared Foods, Inc. ("Plaintiff" or "Regal") is a corporation organized under the laws of Illinois with its offices and principal place of business in Dolton, Cook County, Illinois.

9. Plaintiff is engaged in the business of buying and selling wholesale or jobbing quantities of perishable agricultural commodities in interstate and foreign commerce and is a "dealer" under the PACA, 7 U.S.C. § 499a(b)(6).

10. Plaintiff holds a PACA license number 20210001 issued by the U.S. Department of Agriculture ("USDA").

11. Defendant Best Bargains, Inc. ("Best Bargains") is a corporation organized under the laws of Wisconsin with its offices and principal place of business in Burlington/New Munster,

Kenosha County, Wisconsin.

12. During all times relevant herein Best Bargains was engaged in the business of buying and selling wholesale or jobbing quantities of perishable agricultural commodities in interstate and foreign commerce and is a "dealer" under the PACA, 7 U.S.C. § 499a(b)(6).

13. Best Bargains holds a PACA license number 19971676 issued by the USDA.

14. Defendant DOUG HELNORE ("Helnore") is an individual residing in Burlington, Racine County, Wisconsin and is a citizen of the state of Wisconsin. Helnore placed purchase orders for produce with Plaintiff and worked on the transactions with Plaintiff.

15. Defendant STEVE WAGNER ("Wagner") is an individual residing in Burlington, Racine County, Wisconsin and is a citizen of the state of Wisconsin.

16. During all times relevant hereto, Defendants Helnore and Wagner each served as officers of Best Bargains, with control over Best Bargain's PACA trust assets, and were named as Reported Principals on Best Bargain's USDA PACA license. Defendants Helnore and Wagner are authorized agents of Best Bargains and were and have been in a position to control the business, finances, and assets of Best Bargains and the company's PACA Trust assets.

### III. GENERAL FACTUAL ALLEGATIONS

17. In early 2025, Defendant Best Bargains submitted numerous purchase orders to Plaintiff for the purchase of various perishable agricultural commodities ("Produce").

18. Plaintiff fulfilled each such purchase order, and Defendant Best Bargains accepted all of the delivered Produce without objection.

19. The Produce sold by Plaintiff to Best Bargains are perishable agricultural commodities under the PACA.

20. Best Bargains received and accepted the Produce from Plaintiff. As to each order,

3

either Best Bargains or Best Bargains' customer arranged for pickup of the produce at Plaintiff's place of business.

21. Between June 2, 2025 and July 25, 2025, Plaintiff submitted fourteen (14) invoices to Defendant Best Bargains for the ordered and delivered produce, totaling $241,548.02.

22. Each invoice includes statutory PACA trust language preserving Plaintiff's rights under the federal Perishable Agricultural Commodities Act ("PACA"). Specifically:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivable or proceeds from the sale of these commodities until full payment is received

23. Each invoice also provides for interest on unpaid balances, costs and attorneys' fees in connection with enforcing payment. Specifically:

> "Buyer agrees to pay all costs of collection, including attorneys' fees and costs as additional sums owed in connection with this transaction in the event collection action becomes necessary. Interest will accrue on any past-due balance at the rate of 1 and 1-2% per month (18% per annum)."

24. The interest charges, costs, and Plaintiff's attorneys' fees in this action are all "sums owing in connection with perishable agricultural commodities transactions" pursuant to 7 U.S.C. § 499e(c)(2) and accordingly, are part of Plaintiff's claims to the PACA Trust assets of Best Bargains.

25. Attached hereto as **Exhibit A** and incorporated herein by reference are true and correct copies of the five (5) remaining unpaid invoices for Plaintiff's Produce sales to Best Bargains which total $75,705.00. Best Bargains received and never objected to Plaintiff's invoices, including the terms of sale. Best Bargains made a partial payment on Invoice #R9191.

4

The remaining balance due on Invoice #R9191 is $6,924.60.

26.     All of the Produce sales referenced by the invoices in Exhibit A hereto were accepted by Best Bargains without objection as to condition or quality of the Produce.  Best Bargains did not obtain USDA inspections or any other proof of any condition or quality issues in connection with the Produce.

27.     All of the Produce transactions between Plaintiff and Best Bargains were in interstate or foreign commerce.  Plaintiff is a citizen of Illinois, each of the Defendants are citizens of Wisconsin, and the subject Produce is part of that current of commerce usual in the trade in that commodity whereby the commodity is sent from one state with the expectation that it will end its transit, after purchase, in another state.

28.     Best Bargains has not paid Plaintiff $75,705.00 of the price on the sale of the Produce, all of which is overdue and owing.  Attached hereto as **Exhibit B** is an invoice summary showing the dollar amount of each unpaid sale.  Best Bargains made a partial payment on Invoice #R9191.  The remaining balance due on Invoice #R9191 is $6,924.60.

29.     As a PACA licensee, Plaintiff perfected its PACA Trust rights under 7 U.S.C. § 499e(c)(2) by including the PACA Trust notice required by 7 U.S.C. § 499e(c)(4) on its invoices.

30.     Plaintiff has retained legal counsel to represent it in this action and has agreed to pay counsel reasonable attorneys' fees for the commencement and prosecution of this action.

31.     Plaintiff has performed all obligations related to the sale of the Produce and has also satisfied all conditions precedent to the filing or commencement of this suit, including but not limited to demand, and/or all such conditions have been waived.

32.     To date, notwithstanding demands made by Plaintiff, Best Bargains has failed to pay the Regal invoices set forth in Exhibit A in full.  The total amount of Regal's unpaid invoices

5

is $75,705.00 plus attorneys' fees and costs incurred in collection efforts and interest.

33.     7 C.F.R. § 46.46(e)(3) provides as follows:

> If there is a default in payment as defined in § 46.46(a)(3), the seller, supplier, or agent who has met the eligibility requirements of paragraphs (e)(1) and (2) of this Paragraph will not forfeit eligibility under the trust by agreeing in any manner to a schedule for payment of the past due amount or by accepting a partial payment.

34.     On December 8, 2025, Plaintiff and the Defendants entered into a settlement agreement regarding Plaintiff's unpaid invoices and associated interest and attorneys' fees ("Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit C** and incorporated herein. The Defendants' breach of such Agreement is the subject of Count VIII hereof.

35.     Paragraph 3 of the Agreement provides as follows:

> Reservation of PACA Rights. Regal reserves, and does not waive or forfeit, all of its rights and eligibility relating to the invoices set forth in Exhibit A, and interest and attorneys' fees provided for therein, under the federal Perishable Agricultural Commodities Act, and regulations promulgated thereunder, including, without limitation, rights as a PACA Trust beneficiary and rights under 7 C.F.R. § 46.46(e)(3).

### IV. CLAIMS FOR RELIEF

### COUNT I
**Violation of the PACA --**
**Temporary, Preliminary, and Permanent Injunctive Relief to Remedy the Defendants'**
**Failure to Maintain and Not Dissipate the PACA Trust Assets of Best Bargains**
**7 U.S.C. § 499e(c)(5)**
**(Against All Defendants)**

36.     Plaintiff incorporates all allegations set forth in Paragraphs 1 through 35 above as if fully set forth herein.

37.     By virtue of Plaintiff's sale of Produce to Best Bargains in interstate commerce,

6

Plaintiff is a beneficiary of a floating, non-segregated PACA statutory trust on and in all of Best Bargains perishable agricultural commodities, all inventories of food or other products derived from such perishable agricultural commodities, and all receivables and proceeds from the sale of such perishable agricultural commodities, products and assets derived therefrom, pursuant to 7 U.S.C. § 499e(c)(1)-(4) of the PACA.

38.     Plaintiff is entitled to the protection of the PACA Trust. Plaintiff, as a PACA licensee, is allowed pursuant to 7 U.S.C. § 499(e)(c)(4) to perfect its PACA Trust rights by including the statutorily-required trust notice in its invoices, which notice it included at the bottom of each invoice.  Plaintiff never offered or accepted payment terms with Best Bargains of longer than 30 days.

39.     Best Bargains exercised control over its PACA Trust assets and is a statutory trustee under the PACA. Best Bargains purchased, received, and accepted the Produce sold by Plaintiff. The PACA Trust required Best Bargains to hold and preserve such goods, inventories, proceeds and receivables in trust until full payment was made on the Produce sold.

40.     The Defendants have not maintained the PACA Trust assets of Best Bargains to be freely available to satisfy outstanding obligations to Plaintiff, as required by 7 C.F.R. § 46.46(a)(2), and have dissipated and converted PACA Trust assets including by payments and transfers of money from Best Bargains to unknown parties, in violation of 7 C.F.R. §§ 46.46(d)(1) and 46.33.

41.     The PACA Trust assets are supposed to be held for the benefit of Plaintiff and other PACA Trust beneficiaries, and the Defendants can continue their dissipation of Best Bargains PACA Trust assets in the future unless the Court enters preliminary and permanent injunctive relief to prohibit the transfer of all of the Defendants' assets to prevent them from concealing, diverting, and transferring the PACA Trust assets until Plaintiff is paid in full for all Produce sales. Pursuant

7

to the PACA, 7 C.F.R. § 46.46(b), commingling of the Trust assets is contemplated and presumed unless the Defendants prove otherwise.

42. Plaintiff has no available adequate remedy at law and/or its remedy at law is not as complete or adequate to protect its PACA Trust rights as fully and completely as is available through relief in equity, including through the remedy of a temporary and permanent injunction.

43. Plaintiff has incurred and will continue to suffer great and irreparable harm if the PACA Trust assets are not preserved and are dissipated, leaving Plaintiff unpaid, which is "unfair conduct" and a burden on interstate commerce in violation of the PACA's guaranty of prompt payment in full for all sales of Produce, 7 U.S.C. § 499b(4).

44. The balance of the hardships strongly, if not exclusively, favors Plaintiff's entitlement to injunctive relief to preserve and maintain the PACA Trust assets of Best Bargains. The Defendants have no right under federal PACA law, and are indeed prohibited, from dissipating the PACA Trust assets of Best Bargains, which assets are held in trust for unpaid PACA beneficiaries such as Plaintiff.

45. The public interest strongly favors issuance of injunctive relief to Plaintiff. The PACA, including the PACA Trust provisions, establishes a strong federal public policy favoring strict enforcement of the law's full and prompt payment to sellers of perishable produce and protection of the seller's PACA Trust rights until sellers are fully paid. The Defendants' actions in failing to promptly pay for the Produce purchased from Plaintiff and their failure to protect and preserve the PACA Trust assets constitute an unreasonable burden on interstate commerce, which burden the PACA Trust provisions of the law was intended to remove and prevent.

46. Plaintiff is unaware of the exact details of how the Defendants have used the PACA Trust assets of Best Bargains and are in urgent need of an immediate, prompt, and complete

8

accounting of all PACA Trust assets to trace all monies received and spent by Best Bargains in the numerous and/or complicated transactions arranged by the Defendants.

WHEREFORE, Plaintiff demands the following relief: (a) the Court exercise in rem jurisdiction over the PACA Trust assets (statutory trust *res* established by 7 U.S.C. 499e(c)(5)); (b) a Judgment declaring a PACA Trust exists, defining the nature and scope of the PACA Trust, and imposing a statutory trust on the assets encumbered by the PACA Trust; (c) an Order directing a prompt and complete accounting for all of the PACA Trust assets and all monies and assets dissipated from the PACA Trust by the Defendants; (d) a Temporary Restraining Order freezing all of the PACA Trust assets, which are presumed to be all of the Defendants' assets; (e) a Preliminary Injunction preserving and maintaining the PACA Trust assets, and preventing and restraining dissipation of the PACA Trust *res* for the duration of this action, including all orders to require transfer of all dissipated PACA Trust assets back to the Defendant Best Bargains; (f) a Permanent Injunction to preserve, maintain, and protect the PACA Trust assets of the Defendants until Plaintiff is fully paid for all Produce sold to Best Bargains; (g) an award of interest (1.5% per month), attorneys' fees and costs of this suit; (h) administration of the PACA Trust assets through the collection and marshalling of PACA Trust assets, determining the amount and validity of claims asserted against the PACA Trust assets and directing payment to satisfy all valid PACA Trust claims from the PACA Trust assets; and (i) such other and further equitable relief that the Court deems just and proper.

**COUNT II**
**Violation of the PACA --**
**Defendants' Failure to Maintain and Secure, and Not Dissipate,**
**the PACA Trust Assets of Best Bargains**
**(Against All Defendants)**

47. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 35 above as

9

if fully set forth herein.

48. The Defendants have not maintained and secured the PACA Trust assets of Best Bargains and instead, have dissipated these assets by not using the proceeds of the sale of Plaintiff's Produce to promptly pay Plaintiff in full and instead, have used such sales proceeds for other purposes which, upon information and belief, included preferential transfers and/or payments in dissipation of the PACA Trust to unknown persons who were not entitled to be paid PACA Trust assets in preference to Plaintiff.

49. Plaintiff has incurred compensatory damages as a direct and natural result of the Defendants' failure to preserve and not dissipate the PACA Trust assets of Best Bargains.

WHEREFORE, Plaintiff demands the following relief: (a) a declaratory judgment that a PACA Trust exists, defining the nature and scope of the PACA Trust, and imposing a trust on all the assets encumbered by the PACA Trust; (b) a judgment for compensatory damages against the Defendants, jointly and severally; (c) an award of pre- and post-judgment interest at the contractual rate of 1.5% per month; (d) attorneys' fees and costs of this suit; and (e) such other and further relief as the Court deems just and proper.

### COUNT III
**Violation of the PACA –
Conversion of PACA Trust Assets
(Against all Defendants)**

50. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 35 as if fully set forth herein.

51. Plaintiff was, and currently is, entitled to possession of the specific sum of $75,705.00 owed to Plaintiff on the sale of Produce to Best Bargains and which amount is secured by the PACA Trust assets of the Defendants.

52. Plaintiff has demanded full and prompt payment but the Defendants have failed and

10

refused to turn over such sums of money from the PACA trust assets held in benefit for unpaid PACA Trust creditors such as Plaintiff.

53. The Defendants have converted the PACA Trust assets, and/or are now in the process of converting, to their own use and benefit and/or for the benefit of third parties other than Plaintiff or third parties not entitled to receive the PACA Trust assets.

54. Plaintiff has incurred damages as a direct, natural, and proximate cause of the wrongful conversion of PACA Trust assets due to Plaintiff in the amount of $75,705.00.

WHEREFORE, Plaintiff demands Judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $75,705.00, an award of pre- and post-judgment interest at the contractual rate of 1.5% per month, attorneys' fees and costs of this suit, and such other and further relief as the Court deems just and proper.

### COUNT IV
**Violation of the PACA –**
**Failure to Make Full Payment Promptly**
**(Against Best Bargains)**

55. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 35 above as if fully set forth herein.

56. The PACA, 7 U.S.C. § 499b(4), mandates that all purchasers "make full payment promptly" for produce purchased.

57. Best Bargains has failed to make timely payment to Plaintiff for the Produce sold by Plaintiff to Best Bargains pursuant to the payment terms set forth in 7 C.F.R. §46.2(aa)(5) and the invoices attached hereto as Exhibit A.

58. Plaintiff has suffered compensatory damages as a direct and natural result of Best Bargains failure to make full payment promptly for the Produce sold to it by Plaintiff contrary to

11

the requirements of the PACA.

WHEREFORE, Plaintiff demands Judgment against Best Bargains for compensatory damages, an award of pre- and post-judgment interest at the contractual rate of 1.5% per month, attorneys' fees, costs of this suit, and such other and further relief as the Court deems just and proper.

## COUNT V
**Violation of the PACA –
Enforcement of Payment from the PACA Trust
7 U.S.C. § 499e(c)(5)
(Against Best Bargains)**

59.     Plaintiff incorporates all allegations set forth in Paragraphs 1 through 35 above as if fully set forth herein.

60.     Best Bargains received and accepted the Produce in each of the sales transactions with Plaintiff.

61.     Best Bargains has custody and control over the PACA Trust Assets and is required to pay its produce suppliers as their claims become due.

62.     Plaintiff is an unpaid Produce supplier with valid PACA Trust claims for each of its sales transactions with Best Bargains and is entitled to payment from the PACA Trust Assets.

63.     Best Bargains failed to pay Plaintiff from the PACA Trust Assets when its claims were due.

64.     Because Best Bargains breached its obligation to pay Plaintiff for the Produce it purchased in its sales transactions with Plaintiff from PACA Trust Assets, Plaintiff has incurred damages in an amount no less than $75,705.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

WHEREFORE, Plaintiff seeks an Order enforcing payment from the PACA Trust Assets,

12

directing Best Bargains to immediately pay and continue to pay Plaintiff (i) only what is owed under the PACA Trust and only from the funds in the PACA Trust; and (ii) the full amount of damages sustained including sums owing in connection with its sales transactions under the PACA Trust with Best Bargains amounting to no less than $75,705.00, plus interest from the date each invoice became past due (1.5% per month), costs, and attorneys' fees, and not limited to what is owed under the PACA Trust and the funds in the PACA Trust.

## COUNT VI
### Common Law Breach of Contract
### (Against Best Bargains)

65. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 35 above as if fully set forth herein.

66. Best Bargains orally (by telephone call) and/or in writing (by email) agreed to purchase Produce from Plaintiff from time to time pursuant, in part, to the terms set forth in Plaintiff's invoices delivered to Best Bargains, copies of which are attached hereto as Exhibit A. Best Bargains received and did not object to the terms set forth in Plaintiff's invoices.

67. Plaintiff performed all of its obligations under the contracts with Best Bargains. Plaintiff provided, and Best Bargains received, all of the Produce that is the subject of the sales transactions reflected in the invoices in Exhibit A.

68. All of the Produce sales transactions referenced by the invoices in attached Exhibit A were accepted by Best Bargains without objection as to condition or quality of the Produce. Best Bargains did not obtain USDA inspections or any other proof of any condition or quality issues in connection with such Produce.

69. Best Bargains breached the parties' contracts by not paying the sum of $75,705.00 for the Produce sold by Plaintiff as reflected in Plaintiff's outstanding invoices attached hereto as

13

Exhibit A, and as is also shown on the invoice summary attached hereto as Exhibit B.

70. Plaintiff has incurred compensatory damages as a direct and natural cause and result of Best Bargains failure to timely pay for the Produce in violation of its contracts with Plaintiff.

WHEREFORE, Plaintiff demands Judgment against Best Bargains for compensatory damages of $75,705.00, an award of pre- and post-judgment interest at the contractual rate of 1.5% per month, attorneys' fees, costs of the suit, and such other and further relief as the Court deems just and proper.

**COUNT VII**
**Common Law Intentional Breach of Fiduciary Duty**
**(Against All Defendants)**

71. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 35 as if fully set forth herein.

72. At all times pertinent hereto, Defendants Helnore and Wagner controlled Best Bargains and its PACA Trust Assets.

73. At all times pertinent hereto, Defendants Helnore and Wagner (a) were aware of and responsible for Best Bargains operations and financial dealings; (b) each had a duty to ensure that Best Bargains fulfilled its responsibilities as trustee of the PACA Trust; and (c) each had a duty to prevent the dissipation of PACA Trust Assets and to ensure that Best Bargains maintained sufficient PACA Trust Assets to pay all PACA Trust beneficiaries as their claims became due.

74. Plaintiff reposed trust in Best Bargains, as PACA statutory trustee, and the other Defendants, to make full and prompt payment for all Produce sold and also to preserve and maintain the assets of the PACA Trust for the benefit of unpaid sellers of Produce such as Plaintiff as their claims became due. By virtue of the purchase of perishable agricultural commodities in interstate commerce, and the receipt and acceptance of such produce, Best Bargains assumed the

14

position of trustee of Best Bargains' PACA Trust assets.

75. The Defendants intentionally diverted, transferred, and/or have concealed payments of monies and/or proceeds of the PACA Trust assets.

76. Defendants have intentionally not paid over to Plaintiff the PACA Trust assets and instead have converted same and dissipated the PACA Trust assets, the *res* of the trust.

77. Best Bargains breached its fiduciary duty as PACA trustee by dissipating PACA Trust Assets and failing to maintain sufficient PACA Trust Assets to satisfy Plaintiff's PACA Trust claims as they became due.

78. Defendants Helnore and Wagner each breached their fiduciary duties to Plaintiff by failing to ensure that Best Bargains fulfilled its duties as PACA trustee to Plaintiff.

79. In so acting, the Defendants, who were and are in a position to control the assets of the PACA Trust, intentionally breached their fiduciary duties.

80. As a direct, natural, and proximate cause of the Defendants' breaches of fiduciary duties, Plaintiff has incurred damages amounting to no less than $75,705.00, plus interest from the date of each invoice became past due, costs and attorneys' fees.

81. Because the Defendants acted intentionally and/or with reckless and callous disregard for Plaintiff's rights as a beneficiary of the PACA Trust, an award of punitive damages is proper and appropriate to both punish the Defendants and set an example for other participants in the produce industry to deter such misconduct.

WHEREFORE, Plaintiff demands Judgment against Best Bargains, Helnore and Wagner, jointly and severally, for (i) compensatory damages of $75,705.00, an award of punitive damages, an award of pre- and post-judgment interest at the contractual rate of 1.5% per month, attorneys' fees and costs of this suit, and such other and further relief as the Court deems just and proper and

15

(ii) the disgorgement of unlawfully retained PACA Trust assets.

**COUNT VIII**
**Common Law Breach of Written Contract**
**(Against all Defendants)**

82. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 35 above as if fully set forth herein.

83. Plaintiff's past due and unpaid invoices to Best Bargains initially totaled $241,548.02.

84. Before the commencement of this action, Plaintiff and the Defendants stipulated that the interest accrued on the past due and unpaid invoices equaled $23,214.47, and Plaintiff's attorneys' fees incurred in connection with enforcement of Defendants' payment obligations, including attorneys' fees to be incurred in connection with the preparation of a settlement agreement, equaled $4,500.00, with a total amount due and owing by Defendant Best Bargains to Plaintiff of $269,262.49.

85. On November 19, 2025, in accordance with Plaintiff and Defendant Best Bargains' agreement in principle, and before execution of the parties' settlement agreement, Defendant Best Bargains made a partial payment to Plaintiff by wire transfer in the amount of $80,000.00 toward the total amount due and owing to Plaintiff, leaving a balance due and owing to Plaintiff of $189,262.49.

86. On December 8, 2025, Plaintiff and the Defendants entered into a settlement agreement providing a schedule for the payment of Plaintiff's remaining unpaid and past due invoices and associated interest and attorneys' fees ("Agreement"). The Agreement includes a qualified release conditioned upon Regal's receipt of all payments due under the Agreement. A true and correct copy of the Agreement is attached hereto as Exhibit C and incorporated herein.

16

87. Paragraph 1 of the Agreement obligates Defendant Best Bargains to make five (5) monthly payments of $37,852.50 each via wire transfer, commencing on December 19, 2025 and concluding on April 17, 2026. Paragraph1 further provides that "[t]ime is of the essence with respect to the receipt of each payment provided for in this paragraph."

88. The December 2025 monthly payment was made by Best Bargains via wire transfer and received on time. The January 2026 monthly payment was untimely, made by Best Bargains via wire transfer and received on January 20, 2026 (1 day late). The February 2026 monthly payment was untimely, made by Best Bargains via paper check sent via U.S. Mail, and received on February 25, 2026 (6 days late). These three payments totaled $113,557.50.

89. Best Bargains apparently attempted to make the March 2026 monthly payment via paper check sent via U.S. Mail. The check was received on or about March 23, 2026 (4 days late), and was returned for insufficient funds. Best Bargains subsequently stopped payment on the check without advising Plaintiff. The March 2026 monthly payment remains past due and unpaid.

90. Plaintiff performed all of its obligations under the Agreement with the Defendants.

91. Plaintiff has incurred compensatory damages as a direct and natural cause and result of Best Bargains' breach of the Agreement.

92. Paragraph 2 of the Agreement provides as follows:

> **Payment Default.** In the event Best Bargains defaults on any of the payments due under this Agreement, Regal shall be entitled to *immediately* file a lawsuit against Best Bargains and the Principals to enforce Regal's rights under this Agreement and under PACA, and to obtain judgment thereon against Best Bargains and the Principals, jointly and severally, for $189,262.49 plus all additional interest accrued and attorney's fees incurred by Regal in enforcing this Agreement and obtaining

17

a judgment against Best Bargains and the Principals, less all payments received prior to default, and for appropriate injunctive relief to preserve PACA trust assets held by or under the control of Best Bargains and the Principals. Best Bargains and the Principals hereby stipulate and agree that they will not oppose or dispute Regal's claims and civil complaint for recovery of the deficiency due it, plus additional interest and attorneys' fees and appropriate injunctive relief, as provided hereunder. In addition, Best Bargains and the Principals hereby stipulate and agree to stipulate to the entry of judgment against Best Bargains and the Principals, jointly and severally, for the amount of the remaining unpaid deficiency including accrued interest and attorneys' fees incurred by Regal in enforcing this Agreement and obtaining a judgment against Best Bargains and the Principals, and appropriate injunctive relief to preserve PACA trust assets. Best Bargains and the Principals shall accept service of process against them via email at todd@lawmidwest.com, and shall ensure that each such party shall promptly enter into and execute a Stipulation of Judgment in favor of Regal on the terms set forth in this Paragraph. All reasonable costs and fees associated with the filing of the Complaint and the Stipulated Judgment shall be included in the Judgment amount to which Regal shall be entitled hereunder.

93.     Paragraph 11 of the Agreement provides as follows:

**Attorneys' Fees and Interest.** If any lawsuit or other legal action is brought by Regal relating to, arising out of, or to enforce, any of the provisions of this Agreement, Regal shall be entitled to collect from Best Bargains, Helnore and Wagner, jointly and severally, its reasonable attorney's fees and costs incurred in connection therewith, and interest on all unpaid balances at the rate of 1.5% per month.

94.     Because Defendant Best Bargains (i) defaulted on its March 2026 monthly payment obligation under the Agreement, and (ii) did not make timely January and February 2026 monthly payments despite time being of the essence, Plaintiff is entitled to immediately file this action and obtain a judgment on its rights under the Agreement and under PACA against Defendants Best Bargains, Helnore and Wagner, jointly and severally, for $189,262.49 plus all costs, additional interest accrued and attorney's fees incurred by Plaintiff in enforcing this Agreement and obtaining

18

a judgment against the Defendants, <u>less</u> all payments received prior to default ($113,557.50), and for appropriate injunctive relief to preserve PACA trust assets held by or under the control of the Defendants.

WHEREFORE, Plaintiff demands Judgment against Best Bargains, Helnore and Wagner for compensatory damages of $75,705.00, an award of pre- and post-judgment interest at the contractual rate of 1.5% per month, attorneys' fees, costs of the suit, and such other and further relief as the Court deems just and proper.

s/Michael H. Erdman
Michael H. Erdman, Esq.
WIED Bar Number 6244476
Attorney for Plaintiff Regal Pre-Pared Foods, Inc.
Teeple Leonard & Erdman
5 Revere Drive, Suite 200
Northbrook, Illinois 60062
(312) 971-7115 (phone)
(267) 280-8183 (fax)
mherdman@teeplelaw.com

<u>EXHIBIT LIST</u>

EXHIBIT A – Past Due and Unpaid Invoices

EXHIBIT B – Summary of Past due and Unpaid Invoices

EXHIBIT C – December 8, 2025 Settlement Agreement

20