# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REGAL PRE-PARED FOODS, INC.,

            Plaintiff,

    v.

BEST BARGAINS, INC.,
DOUG HELNORE, and STEVE
WAGNER,

            Defendants.

Case No. 26-CV-602

**ORDER**

This matter comes before the Court on the ex parte Motion for Temporary Restraining Order filed by Plaintiff Regal Pre-Pared Foods, Inc. ("Regal") against the Defendants, Best Bargains, Inc. ("Best Bargains"), Doug Helnore ("Mr. Helnore"), and Steve Wagner ("Mr. Wagner"). ECF No. 6. The Court has reviewed the Motion, the Complaint, the Declaration of Jeremy Watson, the Plaintiff's supporting Memorandum of Law, and the Attorney Certification of Plaintiff's counsel, Michael Erdman, Esq. regarding notice, all submitted in support of the relief sought. ECF Nos. 1, 6, 6-2, and 7.

Regal has produced evidence of the following facts. Regal is a fresh produce dealer licensed by the U.S. Department of Agriculture ("USDA") pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, and the USDA's PACA regulations, 7 C.F.R. § 46.1 *et seq.* In interstate commerce transactions, Regal sold to Best Bargains, which is also a produce dealer holding a PACA license, various types of fresh

produce, including products derived from onions and potatoes, which are perishable agricultural commodities under the PACA. In terms of being a qualified beneficiary of the PACA Trust assets of Best Bargains, Regal's invoices indicate less than thirty (30) days payment terms, and Regal's invoices include the required PACA Trust language mandated by 7 C.F.R. § 46.46(f)(2) to place Best Bargains on notice of Regal's PACA Trust rights.

Best Bargains has not paid Regal for the produce sales and owes Regal $75,705.00 as the principal balance on the sales, in addition to contractual interest charges at 1.5% per month, costs, and attorneys' fees, as stated in Regal's invoices. All of this balance is past due, with all sales over eight (8) months past due.

Mr. Helnore is the owner and an officer of Best Bargains, and a person in control of Best Bargains, its business, and its PACA Trust assets. Mr. Wagner is an officer of Best Bargains, and a person in control of Best Bargains, its business, and its PACA Trust assets.

Based upon the evidence in the record, Best Bargains' failure to pay Regal is violation of the PACA's requirement for prompt payment in full, pursuant to 7 U.S.C. § 499b(4). Further, as persons in a position to control the PACA Trust assets of Best Bargains, Mr. Helnore and Mr. Wagner are PACA statutory trustees.

To prevent ongoing dissipation of PACA Trust assets and preserve the status quo pending a hearing on the Plaintiff's Motion for Preliminary Injunction, Regal seeks an ex parte Temporary Restraining Order. There is evidence before the Court that Best Bargains, Mr. Helnore and Mr. Wagner have dissipated and/or converted the PACA Trust assets and not paid same to Regal, a qualified beneficiary of the statutory trust. Further, there is sufficient evidence that Regal will suffer immediate, ongoing, and

irreparable harm due to the Defendants' dissipation of the PACA Trust assets, that there is no remedy at law as adequate and complete as injunctive relief, Regal has shown a likelihood of success on the merits of its PACA claims, the hardships to Regal far outweigh any burden on the Defendants from entry of a TRO, and there is a strong Federal public policy under the PACA in favor of Regal's statutory claims. Finally, based upon the record evidence, it appears likely that the Defendants will further transfer, conceal, or otherwise dispose of PACA Trust assets unless a TRO is entered without prior notice to the Defendants.

Therefore, entry of this Order without notice assures retention of the PACA Trust assets under the control of this Court which is specifically vested with jurisdiction over the PACA Trust. 7 U.S.C. §499e(c)(5). Further, in accordance with Rule 65(b)(1)(B), *Fed. R. Civ. P.*, the movant's attorney has certified why notice should not be required.

Accordingly,

**IT IS ORDERED** that Regal's ex parte Motion for Temporary Restraining Order, ECF No. 6, be and the same is hereby **GRANTED** as follows:

1. Defendants and their agents, subsidiaries, successors, bankers (including but not limited to Greenwoods State Bank n/k/a Bank CMG as to any accounts or property of the Defendants in this bank's possession), factors, assignees, principals, assignors, employees, directors, shareholders, officers, attorneys and persons acting in concert with them, are hereby restrained and prohibited, under the Court's power of contempt, from engaging in, committing, or performing, directly or indirectly, any or all of the following acts or activities:

(a)     Removing, withdrawing, transferring, concealing, paying, assigning, or selling to any other person or entity, the proceeds from the sales of any or all existing and future inventories of food, including but not limited to inventory on hand, perishable agricultural commodities, commodities, and/or other products derived therefrom including frozen foods or agricultural commodities, and/or receipts of payments and sales proceeds for such commodities sold prior to the date of this Order, and/or otherwise disposing of the corporate assets, books or funds of the Defendant Best Bargains or any person or entity who is holding PACA Trust assets of Best Bargains;

(b)     Transferring, withdrawing, or in any other manner removing PACA Trust assets, including funds on deposit in banking, money market, certificate of deposit, debt, operating, business, personal, or other accounts held by, in the name of, or on behalf of Best Bargains, Doug Helnore or Steve Wagner at any and all banking institutions, up to an amount sufficient to satisfy Plaintiff's claims, from Defendants' banking accounts, including but not limited to all of Defendants' accounts held at Greenwoods State Bank n/k/a Bank CMG (including but not limited to account number ending in 1240) and any other accounts subsequently discovered to be in any of Defendants' names or in which they have a beneficial interest;

(c)     Taking any other action whatsoever which causes, has the effect of causing, or which otherwise could or would dissipate the PACA Trust assets of Best Bargains or make such PACA Trust assets less available to pay Regal, as a qualified beneficiary of the PACA Trust, including any action or inaction which would violate the PACA, 7 U.S.C. § 499e(c)(1)-(4) and 7 U.S.C. § 499b(4);

Case 2:26-cv-00602-JPS     Filed 04/23/26     Page 4 of 9     Document 10

(d) Nothing in this Order shall prevent, restrain, or prohibit the Defendants from liquidating and selling all perishable food and perishable agricultural commodities in inventory or in transit to customers so long as: (i) all sales are made in the ordinary course and at reasonable market prices, (ii) are not made to any person or entity affiliated or associated with the Defendants, (iii) the Defendants obtain and maintain for inspection and copying by the Plaintiff and its counsel all records related to all such sales, (iv) no sales are made for cash payment, (v) all payments on such sales are held by the Defendants in trust and not transferred or deposited in any account without the prior written consent of Plaintiff's counsel; and (vi) sales may be made through brokers so long as sales are made at reasonable market prices and such broker shall be allowed a commission payment in an amount reasonable and customary in the produce industry;

(e) Furthermore, nothing in this Order shall prevent, restrain, or prohibit the Defendants from depositing, or the Defendants' bankers from accepting any deposits, of cash, checks, wires, or electronic transfers of payments payable to Defendant Best Bargains in any bank account of Best Bargains so long as Defendants account to Plaintiff's counsel within 24 hours of each deposit by identifying the amount of the deposit, the source, and the name and account number for each bank, and the date for each deposit;

**IT IS FURTHER ORDERED** that Defendants, their partners, officers, directors, managers, bankers, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, shall within one business day after being served with this Order deposit into the trust account of Plaintiff's counsel, Teeple Leonard &

Erdman, Attorneys at Law, 5 Revere Drive, Suite 200, Northbrook, Illinois 60062, PACA Trust assets in the amount of at least $91,845.83, as the amount of Regal's PACA Trust claim with costs and interest and attorneys' fees through April 19, 2026. Plaintiff reserves the right to supplement its claim with additional costs, interest and attorneys' fees incurred;

**IT IS FURTHER ORDERED** that in the event Defendants fail to timely deposit funds as described above, Defendants shall be and hereby are required and ordered to do the following:

1. Within 24 hours of receipt of this Order, account to Plaintiff's counsel for all brokerage and bank accounts holding any PACA Trust assets of Best Bargains or into which accounts any PACA Trust assets were deposited from April 1, 2025 to the current date and within that time period to provide the following information to Plaintiff's counsel: (i) account number, (ii) name and location of the financial institution, (iii) type of account; (iv) name and contact information for the contact person at the financial institution; (v) current balance in the account; and (vi) all name(s) on the account;

2. Account within 24 hours of receipt to Plaintiff's counsel for all payments, including checks and wire transfers, received by the Defendants for any sales by Best Bargains to any customer by providing copies of the check and identification information as to each wire transfer;

3. Within 24 hours of receipt of this Order, deliver all cash in the possession, custody, or control of the Defendants that constitutes PACA Trust assets to Plaintiff's counsel in Northbrook, Illinois and Plaintiff's counsel shall promptly deposit such cash in the firm's trust account and maintain a record of each such deposit;

4. If the Defendants' banks will not accept deposit of any checks

payable to Defendants, which checks represent monies that are PACA Trust assets, the Defendants shall as to any checks in their possession or obtainable by the Defendants upon demand, or that the Defendants later obtain, endorse any checks payable to the trust account of Teeple Leonard & Erdman, and shall deliver such endorsed checks to the Plaintiff's counsel within one business day of the Defendants' receipt of them;

5. Within 48 hours of receipt of this Order, the Defendants shall provide to Plaintiff's counsel legible copies of all of the following documents: (i) the current accounts payable report for Defendant Best Bargains and all related and subsidiary companies, if any; (ii) the current accounts receivable, including all aging, for Defendant Best Bargains and its related and subsidiary companies, if any; (iii) every bank account statement for each banking and brokerage account of Best Bargains, Doug Helnore and/or Steve Wagner or any account in which any PACA Trust assets were deposited from June 1, 2025 to the current date (with the Defendants to provide online updated statements for all activity in the account from the date of the last monthly statement up to 24 hours after their receipt of this Order); (iv) copies of every check (back and front) paid, withdrawal, or wire transfer from each of the foregoing accounts from June 1, 2025 and the check registers showing the payee, check number, and payment amount for each payment from each of these accounts; (v) Best Bargains' last filed Federal Income Tax return; (vi) all applications for loans, credits, and credit lines submitted by Best Bargains to any lender or financial institution from June 1, 2025, and all communications with each such entity related to the status of any financing to be provided to the Defendants; (vii) Best Bargains' current financial statements including its income statement, balance sheet, and statement of cash flows; (viii) a listing

of all food and perishable agricultural commodities in Best Bargains' inventory by date of receipt, type, quantities, condition, and location; (ix) all cash on hand or previously received and not deposited in any bank account, which cash was generated by the sale of PACA Trust assets; (x) the last filed Federal Income Tax return of Doug Helnore; and (xi) the last filed Federal Income Tax return of Steve Wagner;

6. Within 72 hours of being served with this Order, the Defendants are each to provide to Plaintiff's counsel an affidavit or declaration under oath that identifies all known PACA Trust assets, and their current location, to the extent any such asset is not expressly identified in the foregoing documents the Defendants produce to Plaintiff's counsel;

**IT IS FURTHER ORDERED** that no bond shall be required to be posted by Plaintiff before this Temporary Restraining Order is effective;

**IT IS FURTHER ORDERED** that the Defendants may, at any time, move to dissolve this Temporary Restraining Order in compliance with Rule 65, Federal Rules of Civil Procedure;

**IT IS FURTHER ORDERED** that Defendants appear in Courtroom 425 of the U.S. District Court for the Eastern District of Wisconsin, Milwaukee Division, 517 E. Wisconsin Ave., Milwaukee, WI 53202 on **May 7, 2026, at 10:00 a.m.**, and then and there to show cause, if any they have, why they, their agents, bankers, subsidiaries, successors, assignees, principals, employees, attorneys, and representatives should not be restrained and preliminarily enjoined pursuant to Plaintiff's Motion for Preliminary Injunction; and

**IT IS FURTHER ORDERED** that within 24 hours of the date of this Order, Plaintiff's counsel shall serve Defendants with copies of this Order and all of Plaintiff's filings with the Court on April 22, 2026 by electronic

mail to the Defendants' attorney, Todd Terry, and shall serve Greenwoods State Bank n/k/a Bank CMG with a copy of this Order.  Defendants shall electronically file an Opposition, if any, to Plaintiff's Motion for Preliminary Injunction on or before **11:59 p.m. on May 1, 2026**.  Defendants shall provide Plaintiff's counsel by email within one (1) business day of the date of the foregoing hearing with copies of any exhibits or other things or documents that Defendants reasonably anticipate to use as evidence or provide to the Court during the hearing. Plaintiff shall electronically file a Reply, if any, to Defendants' Opposition, if any, on or before **11:59 p.m. on May 5, 2026**.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2026, at 1:30 p.m.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge